## THE FLORENCE.

### (District Court, E. D. New York.  May 26, 1914.)

SALVAGE (§ 31*)—RESCUE OF BOAT ON FIRE—AMOUNT OF AWARD.

A tug *held* entitled to a salvage award of $400 for assisting two other boats in the rescue of a gasoline boat, which was on fire; the value of the property saved being from $3,500 to $4,500.

[Ed. Note.—For other cases, see Salvage, Cent. Dig. §§ 75–77; Dec. Dig. § 31.*]

In Admiralty.  Suit by James J. Absley against the gasoline boat Florence.  Decree for libelant.

Foley & Martin, of New York City (J. A. Martin, of New York City, of counsel), for libelant.

Russell H. Robbins, of New York City, for claimant.

CHATFIELD, District Judge (orally).   I do not think that we need discuss the facts very much.   Both boats were there, and the actual pumping of water and rendering of services began about the same time. Mr. Strickland was in charge, and while his authority was not recognized till he got on board the Hague and commenced to direct her captain, nevertheless he actually ordered the maneuvers, and Capt. Mathis directed the taking of the boat to the dredge, without which she would probably have been lost entirely, from sinking.

As far as the putting out of the fire is concerned, the only value of it was keeping the gasoline from exploding and keeping the intense heat from warping the hull, but flooding the boat with water was done at the risk of sinking her.   If all the services had been performed alongside of the dredge, it is evident that the dredge would have been entitled to credit for producing most of the benefit.   As long as the dredge could not do anything until the other boats had kept the fire down and towed the Florence to the dredge, the value of the services has to be estimated from the total result, rather than from the comparative amounts that each one did.

Now, as to values, there was probably $3,500 to $4,500 worth of property saved.  In the case of a gasoline fire in a small boat that was likely to sink and be a total loss, or to be raised at tremendous expense, an ordinary salvage operation by outsiders would have justified a total award of from $1,000 to $1,500.   Assuming that the dredge performed the greater part of that but that the Hague and the Jackson were at least entitled to equal credit, and that they did important work during the first half hour, and thereafter did as much as they could, on the

evidence that the hose of the Jackson was larger than that of the Hague, but that the Hague was doing the things that were directed, while the Jackson was volunteering and pumping water, but taking into account the fact that the Jackson rushed in and immediately went at the boat, where the Hague was properly, but still with more or less risk of its being too late, exercising discretion about going alongside, I think that the two boats are entitled to about equal credit.

So, if the total service was worth, as I said, from $1,000 to $1,500, I would take $1,200 as a fair basis, and, allowing equal credit to each boat, I will give the Jackson an award of $400. The crew should get one-third anyway. Of course, there was a risk here of the loss of the tug; but I think they ought to have at least one-third. One-third to the crew and two-thirds to the owner.

The libelant may have a decree for $400.